**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-6208**
_____

UNITED STATES OF AMERICA,

          Petitioner – Appellee,

    v.

DARREL FISHER,

          Respondent - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:10-hc-02234-BR)

_____

Submitted:  October 4, 2011       Decided:  October 14, 2011

_____

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Joseph B. Gilbert, Assistant Federal Public Defender, Susan Umstead, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David T. Huband, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrel Fisher appeals the district court's order finding that he satisfies the criteria for commitment set forth at 18 U.S.C. § 4246 (2006) and ordering his commitment to the custody of the Attorney General. We affirm.

At a hearing, Dr. Maureen Reardon testified that Fisher suffers from schizophrenia, a major mental illness. Dr. Reardon stated that Fisher exhibits suspiciousness and anger, both of which are associated with increased risk of violence. Additionally, Fisher was described as aggressive and violent during the nine years he spent in a psychiatric facility, and he assaulted a treatment provider during that period. Dr. Reardon testified that past violent behavior indicates the potential for such violent behavior in the future. Further, at the time of his arrest, Fisher was found in possession of twenty firearms, a machete, a stun gun, and pepper spray. Several of the weapons were positioned near a doorway or open window. Dr. Reardon testified that involvement with weapons can be a predictor of future violence involving weapons. Finally, Fisher lacked the social support that might mitigate the risk of future violence.

Dr. Reardon concluded that Fisher's release would create a substantial risk of bodily harm to others or serious damage to the property of others. Based on this testimony and other evidence of record, including several forensic reports

2

generated between 2009 and 2011, the district court found that Fisher satisfied the criteria for commitment under § 4246.

After reviewing the record, we hold that the district court did not clearly err in its determination that Fisher suffers "from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." See 18 U.S.C. § 4246(a); United States v. Cox, 931 F.2d 1431, 1433 (4th Cir. 1992) (stating standard of review). We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED